## Commonwealth v. Roth

*George Tracy*, for Commonwealth.

*Nicholas Larzelere*, for defendant.

HONEYMAN, J., November 28, 1966.—This summary proceeding was tried in this court after defendant's waiver of a hearing before a justice of the peace. The information charged that on March 5, 1966, defendant operated a truck-tractor bearing a Pennsylvania registration and a semi-trailer bearing a Virginia registration, contrary to The Vehicle Code of April 29, 1959, P. L. 58, sec. 401, as amended, 75 PS §401. The relevant portions of this statute provide, inter alia:

"(a) Except as is hereinafter provided, no motor vehicle, tractor, trailer or semi-trailer shall be operated upon any highway in this Commonwealth until such vehicle or tractor shall have been properly registered with the department, as hereinafter provided, and the registration plate or plates that have been issued for the vehicle or tractor for the current year are received and displayed as required by this act, and no such vehicle, except a farm tractor, shall be registered until a certificate of title has been obtained therefor. . . .

"(g) Whenever the number of semi-trailers, registered for the current registration year in this Commonwealth by any person, shall equal or exceed the number of truck tractors similarly registered by him, it shall be lawful to operate upon a highway a combination of any such truck tractor and a semi-trailer registered elsewhere than in this Commonwealth".

Metropolitan Metals, Inc., defendant's employer, hereinafter referred to as Metropolitan, is a Pennsylvania corporation engaged in the nonferrous scrap metal business of an interstate character. On April

16, 1964, Metropolitan entered into a sale and five year leaseback agreement with Berman Leasing Co. for four Mack truck-tractors. Metropolitan owns 20 semi-trailers, of which seven bear Pennsylvania registration, but presently owns no truck-tractors.

The obvious legislative intent of this section of the statute is to prevent the use of Pennsylvania highways by vehicles which are not contributing to the costs of construction and maintenance of the highways. Subsection (g) of section 401 allows an exception to the general registration rule. When an individual or corporation owns a number of Pennsylvania registered semi-trailers equal to or greater than the number of truck-tractors registered in a given year, he may operate a combination of one of those registered truck-tractors and a semi-trailer registered elsewhere. The intent of the legislature, as well as the registration statute itself, is not contraverted, since the owner must have paid registration fees which are proportionate to his use of the highways. For example, if an individual owns and registers in Pennsylvania 10 truck-tractors and 10 or more semi-trailers, and then uses one of those tractors to pull an out-of-State registered semi-trailer, he is not thereby causing his burden upon our highways to be disproportionate to his payment of registration fees because he cannot simultaneously use on the highways one of the semi-trailers registered in Pennsylvania, since he only has 10 truck-tractors.

In the present case, Metropolitan owns no truck-tractors, and cannot, therefore, claim the benefit of subsection (g), since the benefit of exemption from registration of semi-trailers under subsection (g) can be obtained only in the name of the owner, not the lessee, of the vehicle.

ORDER

And now, November 28, 1966, defendant John Roth is ordered to appear before the court for sentence on

Friday, the 9th day of December, 1966, at 9:30 a. m. in Courtroom "C", unless the statutory fine of $10 and costs of prosecution are paid prior to that date.